**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

GLASCO WRIGHT,

                                        Plaintiff,                          1:25-cv-828
                                                                            (ECC/MJK)

v.

ALBANY CITY POLICE COURT and THE ALBANY
CITY COURT CLERK,

                                        Defendants.

_____

**Appearances:**

GLASCO WRIGHT, *Plaintiff, pro se*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Pro se Plaintiff Glasco Wright commenced this civil action by the filing of a Complaint on June 26, 2025, and sought leave to proceed *in forma pauperis* (IFP). Dkt. Nos. 1, 5, 6. This matter was referred to Magistrate Judge Mitchell J. Katz who, on August 13, 2025, granted Plaintiff's application to proceed IFP and issued a Report-Recommendation recommending that Plaintiff's Complaint be dismissed without prejudice and with leave to amend. Dkt. No. 9. Plaintiff was informed that he had fourteen days within which to file written objections to the Report-Recommendation under 28 U.S.C. § 636(b)(1) and that the failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 8-9. Plaintiff filed a "Response" to the Report-Recommendation on September 8, 2025, attached to which is Plaintiff's Amended Complaint. Dkt. No. 10.

For the reasons set forth below, the Court accepts Plaintiff's Amended Complaint for filing,[1] terminates the Report-Recommendation as moot, and, upon review pursuant to 28 U.S.C. § 1915, dismisses Plaintiff's Amended Complaint without prejudice and without leave to amend.

## II.    STANDARD OF REVIEW

The Court shall dismiss a complaint in a civil action if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory.").

To survive dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  This

---

[1] Rule 15(a)(1) allows a party to file an amended pleading, without consent of the opposing party or leave of court, within 21 days of its service, or within 21 days after the service of a responsive pleading or Rule 12(b), (e), or (f) motion. Fed. R. Civ. P. 15(a)(1). All other amendments require opposing party consent or leave of court. Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff did not serve the original Complaint before filing the Amended Complaint, leaving the Amended Complaint outside of the technical language of Rule 15(a)(1).  Nevertheless, "[i]t is the rule in this circuit that, 'after the filing of (an initial) complaint, the action remains pending in an inchoate state until service is completed.'"*Daley v. Town of Orchard Park*, No. 1:16-cv-00325, 2017 WL 417248, at *4 (W.D.N.Y. Jan. 30, 2017) (quoting *Int'l Controls Corp. v. Vesco,* 556 F.2d 665, 665 (2d Cir. 1997)).  Under these circumstances and in an effort to adjudicate Plaintiff's case "on [its] merits rather than on the basis of formalities," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), the Court finds that Plaintiff's amendment is valid without consent or leave of the Court.

short and plain statement of the claim must be "plausible on its face." *Twombly*, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation." *Id.* It must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal punctuation and citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).

Generally, before the Court dismisses a pro se complaint or any part of the complaint sua sponte, the Court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

## III.    THE AMENDED COMPLAINT

Plaintiff brings this action against Defendants Albany City Court and the Albany City Court Clerk.  Dkt. No. 10 at 2.  Plaintiff invokes the Court's federal question jurisdiction, specifically identifying "Rule 55" and the Eighth Amendment as bases for jurisdiction.  *Id.* at 3.

Plaintiff alleges that he was arrested on October 17, 1988 in Albany County, New York for drug possession.  Dkt. No. 10 at 8, 17.[2]  During processing for that arrest, Plaintiff allegedly made statements claiming "that he had killed two people in New York."  *Id.* at 17.  Plaintiff was transferred to New York County the following day "to face [the] charges" for which he is presently incarcerated.  *Id.* at 8.  Ultimately, the Albany County District Attorney declined to prosecute the Albany criminal matter.  *Id.*  Plaintiff states that "[a]s required for by law once the Albany County District Attorney declined to prosecute the case he/she was required to immediately inform the Department of Criminal Justice notifying them of this dismissal, the reason for the dismissal and the sealing of the case in favor of the accused."  According to Plaintiff, "[t]his did not happen" and his Albany criminal matter "remained open[] until the Albany City Court Chief Clerk by direction of the Albany City Court Judge filed a false instrument in the form of a Certificate of Disposition in the name of . . . Plaintiff."  *Id.*  "The certificate of disposition depicts that Plaintiff entered into a plea agreement on January 16, 1991," at which time Plaintiff was "committed to the custody of the New York State Department of Corrections and Community Supervision."  *Id.*  Plaintiff alleges that he "moved to have the Albany City Court and the Albany County District Attorney produce this alleged plea agreement."  *Id.*  He also "requested that these documents be turned over . . . via

---

[2] Citations to Plaintiff's submission will refer to the pagination generated by CM/ECF, the Court's electronic filing system.  Excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected unless otherwise noted.

[Freedom of Information Law] requests." *Id.* Plaintiff alleges that "[t]hose requests went unanswered[.]" *Id.* Liberally construed, Plaintiff appears to contend that the information filed in the certificate of disposition – representing that Plaintiff entered into a plea agreement in resolution of his Albany County criminal matter – is false, and that Plaintiff never accepted a plea agreement to these charges.

Plaintiff contends that the defendants' failure to seal the Albany County criminal matter in his favor caused him to suffer "prejudice and discrimination which has lasted just short of four decades." Dkt. No. 10 at 9. He further states that the Defendants' "actions in the filing of a false instrument was malicious and done in bad faith of the judicial process." *Id.* Plaintiff alleges that "over the course of many years, court filings, and rulings, defendan[ts] have averred on several occasions of either having no knowledge of the case in question and/or not having any information responsive to plaintiff's requests" to produce documents pertaining to the final disposition of the Albany criminal matter. *Id.* at 10.

Plaintiff requests relief in the form of monetary damages of $3,000,000, or, alternatively, that this Court "transfer Plaintiff's action as timely to the appropriate court which plaintiff may seek redress[.]" Dkt. No. 10 at 11.

## IV.    DISCUSSION

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erec. Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or where there is "diversity of citizenship" and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332). *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002).

Here, there is no diversity of citizenship between the parties. Plaintiff attempts to invoke federal question jurisdiction under Fed. R. Crim. P. 55 and the Eighth Amendment. Dkt. No. 10 at 3. However, neither provides a basis for this Court's jurisdiction over Plaintiff's claims. Fed. R. Crim. P. 55, entitled "Records," states in full:

> The clerk of the district court must keep records of criminal proceedings in the form prescribed by the Director of the Administrative Office of the United States courts. The clerk must enter in the records every court order or judgment and the date of entry.

There is nothing in the text of this federal rule, nor is there any legal authority, to suggest that it could form the jurisdictional basis for a federal private right of action surrounding a state court's purported failures and/or malfeasance in filing state court documents. Accordingly, jurisdiction is lacking under this basis.

Likewise, although 42 U.S.C. § 1983 exists as a vehicle for vindicating violations of federal rights by state actors, even the most liberal construction of Plaintiff's allegations does not reveal an Eighth Amendment violation. The Eighth Amendment prohibits cruel and unusual punishments. U.S. Const. Amend. VIII. Although violations of the Eighth Amendment may be construed in a variety of different contexts, Plaintiff's allegations are far afield of any such reasonable interpretation. Thus, federal question jurisdiction is also lacking under Plaintiff's alternative basis for jurisdiction.

It is well settled that "courts must construe pro se pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). Plaintiff represents that his "cause of action relates solely to the filing of a false instrument on the part of the [defendants]." Dkt. No. 10 at 7. Arguably, Plaintiff's Amended Complaint might be liberally interpreted as asserting a § 1983 claim for malicious prosecution under the Fourth Amendment. Nevertheless, even assuming Plaintiff could plausibly state a claim for malicious

6

prosecution, the Defendants are either not proper defendants or otherwise immune from suit. Specifically, Albany City Court is not a proper party to a § 1983 action. *See Spencer v. Doe*, 139 F.3d 107, 111 (2d Cir. 1998) ("Neither a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983."); *see also Donlon v. City of Hornell*, No. 23-cv-6096, 2023 WL 1784669, at *1 (W.D.N.Y. Feb. 6, 2023) ("[I]t is well-established that the New York State Unified Court System is not a 'person' within the meaning of [section] 1983 and as such, cannot be sued under that statute.") (internal quotation marks and citation omitted).[3] Likewise, the Albany City Court Clerk is entitled to quasi-judicial immunity. *See Almonte v. Geraci*, No. 21-cv-6960, 2021 WL 4776268, at *3 (S.D.N.Y. Oct. 8, 2021) ("Judicial immunity has been extended to court clerks and 'others who perform functions closely associated with the judicial process' when they are performing discretionary acts of a judicial nature which are essential to the judicial process, such as filing court documents or managing a court's calendar.") (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)) (collecting cases); *see also Weiner v. State*, 710 N.Y.S.2d 325, 327 (N.Y. App. Div. 2000) ("The normal work of a court clerk who participates in the processing of legal proceedings is generally viewed as 'quasi-judicial,' thereby cloaking the clerk with judicial immunity."). As a result, any conceivable § 1983 claim raised by Plaintiff is barred.

## V.    LEAVE TO AMEND

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, *Cuoco v. Moritsugu*, 222 F.3d 99, 112

---

[3] Albany City Court is a part of the New York State Unified Court System. *See United States v. Bommer*, 613 F. Supp. 3d 712, 719 ("The Buffalo City Court is . . . a part of the New York State Unified Court System."). Albany City Court is therefore further protected by Eleventh Amendment sovereign immunity and thus immune from suit. *Id.* at 719.

(2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted. However, the Court is not aware of any basis to exercise federal jurisdiction over Plaintiff's claims, even under the most liberal of interpretations. Moreover, even if jurisdiction existed, Plaintiff's claims against the Defendants are barred by their immunity from suit. Plaintiff seems to have filed this suit as a result of his dissatisfaction with the State Court's handling of an underlying state criminal matter. "The proper avenue [for] . . . review [of a state court's actions] is a state court appeal, not a federal lawsuit." *Commins v. Habberstad BMW*, No. 11-cv-2419, 2012 WL 956185, at *7 n.8 (E.D.N.Y. Mar. 20, 2012). Indeed, "Plaintiff has utterly failed to allege any facts that could state a plausible claim against [any Defendant, or would-be defendants, in this case] for any constitutional violations, or any other theory of liability, that could survive a motion to dismiss." *Id*. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend is denied.

## VI.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Amended Complaint, Dkt. No. 10, is accepted for filing as the operative pleading; and it is further

**ORDERED** that the Report-Recommendation, Dkt. No. 9, is **TERMINATED AS MOOT**; and it is further

**ORDERED** that Plaintiff's Amended Complaint, Dkt. No. 10, is **DISMISSED without prejudice but without leave to amend**; and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 16, 2025

Elizabeth C. Coombe
U.S. District Judge